UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v.- | 23 Cr. 203 (JHR) |
| RAMON RODRIGUEZ, | ORDER |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

On October 21, 2025, the Court scheduled trial in this case for January 27, 2026.  October 21, 2025 Hr'g. Tr. at 85:17.  That date was chosen in part to accommodate the involvement of Defendant's counsel, Raymond E. Gazer, in a criminal trial in Bronx Supreme Court that promised to proceed into January 2026.  *Id.* at 84:25.  On January 6, 2026, the Court received a call from the judge presiding over that trial, the Honorable Laurence Busching.  Judge Busching explained that a belated production of discovery had delayed trial, which now would likely extend until late March 2026.  Judge Busching asked the Court to consider whether an adjournment of trial in the instant matter might be possible.  The Court scheduled a conference for January 8, 2026, where it conveyed Judge Busching's comments and request.  ECF No. 155.

At the January 8 conference, the Government objected to any further adjournment of trial in this case, which was originally scheduled for May 27, 2025.  ECF No. 65.  In that connection, the Government highlighted the prejudice that would result from having to reschedule witnesses, some of whom will travel from out of state to testify; the prejudice to Defendant, who wishes to go to trial and is entitled to a speedy trial; the impact of an adjournment on a case involving the same Defendant before the Honorable Lewis J. Liman, *United States v. Ramon Rodriguez*, No. 24 Cr. 417 (S.D.N.Y.), which intentionally was scheduled to follow trial in this case; and the fact that the delay in the Bronx case did not result from any fault or mistake by the parties in this action, including Mr. Gazer.

"[W]hether or not to adjourn a trial date 'is traditionally within the discretion of the trial judge.'" *United States v. Al Fawwaz*, 116 F. Supp. 3d 194, 208 (S.D.N.Y. 2015) (quoting *United States v. Scopo*, 861 F.2d 339, 344 (2d Cir.1988)) (denying motion to adjourn trial where "request for a continuance was but the most recent in a series of requests"). "'Trial judges necessarily require a great deal of latitude in scheduling trials' given the difficulties associated with 'assembling witnesses, lawyers, and jurors at the same place at the same time.'" *United States v. Tagliaferro*, No. 21-2223, 2023 WL 3772334, at *1 (2d Cir. June 2, 2023) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

The Court is not unsympathetic to Judge Busching's predicament. Nevertheless, for the reasons explained herein, trial must proceed as planned on **January 27, 2026**.

SO ORDERED.

Dated: January 9, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

2