UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

RAMON RODRIGUEZ,

Defendant.

23-cr-203-3 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Ramon Rodriguez was charged in a superseding indictment with six criminal counts: (1) RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); (2) murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) & (2) (Count Two); (3) murder through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Three); (4) use and possession of a firearm in relation to a crime of violence in connection with the offense charged as Count Two, in violation of 18 U.S.C. § 924(c)(i), (ii), (iii), & § 2 (Count Four); (5) attempted murder, assault with a dangerous weapon, and attempted assault with a dangerous weapon, in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (5), (6), & § 2 (Count Five); and (6) use and possession of a firearm in relation to a crime of violence in connection with the offense charged as Count Five, in violation of 18 U.S.C. § 924(c)(i)(A)(i), (ii), (iii), & § 2 (Count Six).

Trial in this case is set to commence on February 9, 2026. In advance of trial, both parties have filed motions in limine, which the Court resolves as follows:

1

I.    **Government's Motions**

The Government brings four motions in limine. The first requires a little background. Among other things, Rodriguez is accused of shooting and killing a victim named Milton Grant. The Government intends to introduce a statement or statements made by Rodriguez to one or more individuals, in which Rodriguez admitted to shooting Grant but claims that he did so because Grant was reaching for a gun. The Government asks that the Court preclude the portions of Rodriguez's statement(s) in which he says that Grant was reaching for a gun. The Government argues that these portions of the statement(s) are inadmissible hearsay and do not fall within any exception to the hearsay rule. See United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

Rodriguez, notably, has not raised a defense of self-defense; rather, he claims that the portions of his statement(s) in which he said that Grant was reaching for his gun should be admitted under the rule of completeness. See Fed. R. of Evid. 106.

The Court is doubtful that the portions of the defendant's statement(s) about Grant's reaching for a gun are admissible; however, the Court cannot make a final ruling on whether those portions of the statement(s), though hearsay, may be admitted under the rule of completeness, without hearing exactly what the witness (or witnesses) report Rodriguez's statement(s) to have been. Accordingly, before the

witness (or witnesses) testifying as to Rodriguez's statement(s) take the stand, the Court will question the witness (or witnesses) out of the presence of the jury. A final ruling on the Government's first motion in limine will be made then. Meanwhile, the defense is precluded from referring to the challenged portions of Rodriguez's statement(s) in the defense's opening statement.

The Government's second motion is to preclude the defense from offering evidence of the defendant's personal history and characteristics, such as alleged mental health issues and intellectual deficiencies, unless the defendant takes the stand. As part of the same motion, the Government moves to preclude the defense from eliciting evidence about, or otherwise referring to, possible punishment. The defense expressly agrees to the second part of the motion (regarding possible punishment), but its response to the first part of the motion is more ambiguous. Accordingly, the second part of the motion is granted on consent, and the first part is tentatively granted subject to hearing further from the defense on the first day of trial before jury selection takes place.

The Government's third motion is to preclude the defense from offering evidence (or questioning witnesses about) the prior criminal histories of Grant and of Rodriguez's other alleged victim, Randal Chacon (whom Rodriguez is alleged to have shot and injured but not killed). The defense agrees, so this motion is granted on consent.

The Government's fourth (and final) motion is to permit the introduction of co-conspirator statements made in furtherance of the

alleged conspiracy. Both sides agree that such statements are admissible if the proper foundation is laid, but the defense suggests that such a foundation needs to be laid before the statements are received, whereas the Government believes such statements can be received into evidence "subject to connection," i.e., subject to the conspiracy being evidenced by the close of evidence.

The Court will address the introduction of these statements as follows: If, when the Government offers a co-conspirator's statement in furtherance of an alleged conspiracy, the defense believes that the necessary foundation is lacking, the defense should ask for a sidebar. At that point, the Government, if it is offering the statement subject to connection, will have to state with some specificity what evidence it will be introducing to prove that connection, so that the Court can rule at that time. If the Court allows the statements to be introduced subject to connection and the Government thereafter fails to introduce the promised proof, the defense can, at that point, ask to have the statements offered into evidence stricken. If the Court is persuaded by such a motion, the Court will strike the statements and so instruct the jury, and may also consider other prophylactic measures.

## II.  Defense's Motion

Turning to the defendant's one motion in limine, some additional background is necessary. The original indictment filed in this case alleged that the racketeering conspiracy in which Rodriguez is alleged to have participated lasted from sometime in 2018 until March 2023 (when the original indictment was filed). A superseding indictment was

filed in December 2025, which extended the time frame during which the racketeering conspiracy is alleged to have taken place until September 2025. The defense moves to preclude the Government from offering any evidence of any acts taken after March 2023 on the ground that the extension of the charged conspiracy was designed to allow the Government to introduce evidence of violent post-arrest acts undertaken by the defendant while in jail, the most extreme of which (a slashing of a supposed informant) is the subject of a separate indictment before Judge Liman. The defense argues that Rodriguez's arrest effectively ended his participation in the charged conspiracy.

However, the Government in response offers persuasive evidence that it represents it will introduce at trial, that not only did the alleged conspiracy contemplate from the outset retaliation against possible "snitches," but also Rodriguez's further unlawful acts while incarcerated were undertaken with the help of his co-conspirators and were in furtherance of the overall conspiracy. In addition, the evidence would largely be independently admissible against Rodriguez under Federal Rule of Evidence 404(b) to show intent. Accordingly, the defense motion is denied.

SO ORDERED.

Dated:    New York, NY
          January 29, 2026

JED S. RAKOFF, U.S.D.J.