UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>RAMON RODRIGUEZ,<br><br>        Defendant. |

23-cr-203-3 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On February 20, 2026, after an eight-day trial, the jury in this case returned a guilty verdict on all remaining counts against defendant Ramon Rodriguez. Specifically, the jury found Rodriguez guilty of five counts: (1) RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); (2) murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count Two); (3) use and possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Four and Six); and (4) attempted murder, assault with a dangerous weapon, and attempted assault with a dangerous weapon, in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (5), (6) (Count Five).[1] Rodriguez now moves for a judgment of acquittal only as to Count Two -- the murder in aid of racketeering count[2] -- or, in the alternative, for a new trial.

---

[1] The Government did not proceed to trial with Count Three, which charged Rodriguez with murder through the use of a firearm in violation of 18 U.S.C. § 924(j). As a result, that count stands dismissed.

[2] The underlying statute, § 1959(a)(1), which prohibits certain violent crimes committed in aid of racketeering, is sometimes referred to as the "VICAR" prohibition.

1

"A defendant challenging the sufficiency of the evidence must demonstrate that viewing the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Taylor, 92 F.3d 1313, 1333 (2d Cir. 1996) (internal alteration and quotation marks omitted). Courts "review sufficiency challenges raised in a new trial motion in the same fashion as those brought in motions for a judgment of acquittal." United States v. Leslie, 103 F.3d 1093, 1100 (2d Cir. 1997).

With respect to Count Two, Rodriguez argues that there was insufficient evidence to find that he murdered Grant for the purpose of maintaining or increasing his position in the Shooting Boys, as is required for a VICAR murder conviction. See United States v. Concepcion, 983 F.2d 369 (2d Cir. 1992) (conviction for a VICAR offense requires proof beyond a reasonable doubt that, among other things, "the defendant's general purpose in [committing the charged crime of violence] was to maintain or increase his position in the enterprise"). Rodriguez argues that the trial evidence establishes that the "murder . . . occurred because the robbery did not proceed as the assailants hoped it would," not because Rodriguez aimed to maintain or increase his position in the Shooting Boys or because he thought killing Grant was expected of him by virtue of his position in the Shooting Boys. Def. Mem. at 9.

The Court, however, instructed the jury as to Count Two that the Government could prove that Rodriguez had committed murder either by

2

proving intentional murder or by proving felony murder based on the robbery that resulted in Grant's death. Under a felony murder theory, the jury need only have found that Rodriguez committed the robbery for the purpose of maintaining or increasing his position in the Shooting Boys. See United Stats v. Mapp, 170 F.3d 328, 335-36 (2d Cir. 1999) (it is "sufficient for the government to prove that the perpetrator participated in [the underlying] robbery with the expectation of receiving in return something of value form the charged racketeering enterprise, or in order to maintain his position in that enterprise").

Rodriguez's motion does not argue that the evidence was insufficient for the jury to find that he participated in the underlying robbery with the expectation of receiving something of value from the enterprise or in order to maintain his position in the enterprise. Nor does he question the sufficiency of the evidence that he participated in a robbery that resulted in Grant's death.

Accordingly, Rodriguez's motion for a judgment of acquittal or new trial is hereby denied.

SO ORDERED.

Dated:    New York, NY
          May 11, 2026

JED S. RAKOFF, U.S.D.J.